**Robert MIXON, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

Civil Action No. 95–0827–AH–C.

United States District Court, S.D. Alabama, Southern Division.

May 14, 1996.

K. Lyn Hillman Campbell, for Petitioner.

Charles A. Kandt, Assistant United States Attorney, Mobile, AL, for Respondent.

---

## *ORDER*

HOWARD, District Judge.

This matter is before the Court on Petitioner Robert Mixon's Motion pursuant to 28 U.S.C. § 2255 to vacate his convictions of Counts 6 and 11 of the Superseding Indictment for violating 18 U.S.C. § 924(c) and the Government's Motion to Resentence.

### I.  FACTUAL BACKGROUND

This Court previously granted Mixon's § 2255 Motion to vacate his convictions for violation of § 924(c) on the ground that the facts that were proved at trial to support Mixon's § 924(c) convictions do not support such convictions after the United States Supreme Court redefined the term "use" in *Bailey v. United States,* —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995).  In its second Response to Mixon's Petition, the Government conceded that Mixon's convictions for violation of § 924(c) were due to be vacated and that his sentence was due to be corrected to reflect such vacation.  However, the Government moved to resentence Mixon so that the Court could enhance Mixon's offense level by two levels for possession of a dangerous weapon in connection with his drug offenses pursuant to § 2D1.1(b)(1) of the United States Sentencing Guidelines ("USSG").[1]  The Court ordered a hearing on

---

1.  Mixon was originally sentenced by this Court   in 1989.  Section 2D1.1(b)(1) of the USSG has

this matter and appointed the Federal Public Defender for the Southern District of Alabama to represent Mixon. The hearing was originally scheduled for May 2, 1996, but on May 2, the Government and Petitioner moved the Court to continue the resentencing hearing so that the parties could further research and brief the issues raised by the Government's Motion to Resentence. The Court granted such request and continued the hearing to May 9, 1996. In addition, Jimmie Gray, a petitioner similarly situated to Robert Mixon, was scheduled for a resentencing hearing before this Court on May 3, 1996. Instead of holding two separate hearings to address the same issues, the Court, upon agreement of the Government, Mixon, and Gray's counsel (Daniel Wannamaker of the Federal Defenders Organization), rescheduled Gray's hearing to May 9, 1996, so that the arguments of both Petitioners could be combined.

## II. RESENTENCING

The resentencing of a Section 2255 petitioner after a successful 2255 Motion based on *Bailey* presents a case of first impression. The briefs submitted by Mixon and Gray cite several district courts, none from the Eleventh Circuit, that have addressed the issue. Most district courts have chosen not to enhance a petitioner's offense level pursuant to § 2D1.1(b)(1) after a successful habeas petition on *Bailey* grounds. However, an appellate court has not yet addressed the issues.

Petitioner argues that this Court, pursuant to § 2255, has the authority to "vacate" the portion or portions of Petitioner's sentence which were the result of his illegal convictions for § 924(c), but Petitioner further argues that the Court has no authority to "correct" his sentence. The Government agrees that the § 924(c) portions of Mixon's sentence should be removed. However, the Government also maintains that Mixon's new sentence should be "corrected" to include a two level enhancement for possession of a firearm pursuant to § 2D1.1(b)(1). Petitioner argues that such an enhancement would violate his right to be free from Double Jeopardy. In addition, Petitioner argues that the

Government has no standing to move for resentencing because the Government is not a federal prisoner. 28 U.S.C. § 2255 is a collateral procedure that may be employed only by persons in the custody of the United States. Therefore, Petitioner argues that this Court does not have jurisdiction to "correct" Petitioner's sentence by adding a two level offense enhancement.

### A. § 924(c) and § 2D1.1(b)(1)

The relationship between § 924(c) and § 2D1.1(b)(1) is an "either/or" relationship at sentencing. If a defendant is convicted of "using or carrying" a firearm in furtherance of a drug crime he must receive a five year consecutive sentence, but he cannot also have his base offense level enhanced pursuant to § 2D1.1(b)(1) because such enhancement would violate the Double Jeopardy Clause of the United States Constitution. However, a defendant who is not convicted of violation of § 924(c) may receive an enhancement of his base offense level for possession of a firearm in connection with a drug offense. In Mixon's action, if Mixon had been acquitted of § 924(c), the Court would have given Mixon a two level enhancement to his base offense level. Petitioner argues that the Court cannot enhance his offense level.

### B. Double Jeopardy

■ Petitioner's first argument against the proposed two level enhancement is that such enhancement would violate the Double Jeopardy Clause of the United States Constitution. The Court disagrees. Whether a defendant's Double Jeopardy rights have been violated focuses on whether a defendant has a legitimate expectation of finality as to his original sentence. *United States v. Bello*, 767 F.2d 1065, 1070 (4th Cir.1985) (interpreting the analysis of the United States Supreme Court in *United States v. DiFrancesco*, 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980)). The United States Court of Appeals for the Seventh Circuit has held that "[w]here the defendant challenges one of several interdependent sentences (or underlying convictions) he has, in effect challenged the

not been amended or otherwise changed since 1989.

entire sentencing plan. (citations omitted). Consequently, he can have no legitimate expectation of finality in any discrete portion of the sentencing package after a partially successful appeal." *United States v. Shue*, 825 F.2d 1111, 1115 (7th Cir.1987).

■ This Court finds that a successful habeas petitioner is in a similar situation to a defendant who has been partially successful in a direct appeal of his conviction and/or sentence. Petitioner would have this Court find that each conviction must be looked at separately and viewed in light of the time he received for such conviction. Therefore, Petitioner argues that he has an expectation of finality in his sentences for his drug convictions because he did not challenge those convictions and sentences in this collateral attack. The Court holds that a defendant is given one sentence that is determined by looking at the underlying conviction or convictions and the conduct related to such. The Court does not order several independent sentences, instead the Court orders one, entire "sentencing package." Therefore, as in *Shue*, when Mixon challenged his sentence, he challenged the entire sentencing package and not just the gun sentences. Such a challenge worked as a waiver of any expectation of finality in his sentence. Therefore, an enhancement of Petitioner's offense level after a habeas petition that worked to vacate a portion of his convictions and sentence, is not a violation of Petitioner's right to be free from Double Jeopardy.

## C. Jurisdictional Basis for Resentencing

### 1. The Government's Motion to Resentence

■ Petitioner argues that the Government has no jurisdiction under Section 2255 to move for an enhancement because the Government cannot demonstrate that it is a federal prisoner entitled to request relief under Section 2255 and/or that any of the four conditions for habeas corpus relief exists. The Court agrees with Petitioner's argument. At the hearing on this matter, the Court announced its position with respect to the Government's lack of ability to obtain jurisdiction under Section 2255. The Gov-

ernment agreed with the Court's conclusions on this issue and voiced no objection to such determination. The Court holds that the Government has no jurisdictional basis pursuant to Section 2255 to request a resentencing of the Petitioner, therefore, the Government's Motion to Resentence is due to be and hereby is **DENIED.**

### 2. Resentencing Pursuant to Section 2255

■ As the Court has previously vacated Petitioner's convictions for two violations of Section 924(c), the Court must resentence Petitioner without consideration of such convictions. Petitioner argues that the Court must resentence by subtracting 120 months from Petitioner's previous sentence. Such time represents the months of Petitioner's first sentence that were as a result of his two Section 924(c) convictions. Petitioner argues that the Court's authority to resentence extends only to subtracting the 120 months, but the Court finds that it has a duty to correctly apply the Guidelines. To properly "correct" Petitioner's sentence pursuant to Section 2255, the Court has to include the two level offense enhancement pursuant to USSG Section 2D1.1(b)(1).

Petitioner argues that a recent decision by the United States Court of Appeals for the Eleventh Circuit provides guidance for the matter before this Court. In *United States v. Tamayo*, 80 F.3d 1514, 1518 (11th Cir. 1996), the Eleventh Circuit held that where only a part of the entire sentencing package was vacated, the district court, on resentencing, may not resentence as to matters outside the mandate of the Court of Appeals. The Eleventh Circuit explicitly stated that a district court must obey the mandate of the appellate court and it may not assert jurisdiction over matters or issues that are not part of the limited mandate. Petitioner argues that a Section 2255 petition is an analogous situation and that the district court only has jurisdiction to correct the sentencing package with respect to the issues raised in the petitioner's motion. The Court disagrees.

The Court finds that *Tamayo* is not an analogous situation. *Tamayo* addresses the issue of mandates and the specific limits created by a limited mandate. *Tamayo* states that "it is 'in the interest of judicial economy for the [district] court not to redo that which had been done correctly at the first [sentencing] hearing.'" *Id.* at 1520 (quoting *United States v. Rogers,* 848 F.2d 166, 169 (11th Cir.1988) (per curiam)). Such is not the situation in this Section 2255 proceeding. The vacation of the Section 924(c) convictions makes the Court's original sentence incorrect in its entirety, because without the Section 924(c) convictions, the Court would have enhanced Petitioner's offense level by two levels. In order to "correct" Petitioner's sentence, the Court must enhance his base offense level. Petitioner would have this Court find that a sentence is not a "sentence" but is merely a combination of several separate convictions and sentences. Such is not the case. The Court gives one complete and final sentence. The final sentence is achieved by using the Guidelines to calculate the time that should be given for a defendant's convictions and for defendant's conduct that is relevant to such convictions. Therefore, when the Court resentences a defendant after a defendant has brought to the Court's attention that a portion of the sentence was incorrect, the Court must reexamine the entire sentence and correctly apply the Guidelines.

In this action, the Court **FINDS** by a preponderance of the evidence that the firearms found in the bedroom where Defendant slept were possessed by Defendant in close proximity to drug residue and the .38 caliber revolver found in a car used extensively by Defendant was in close proximity to $10,-000.00 in cash; that such firearms were tools of the drug trade, were possessed by Defendant and the purpose of such weapons was to facilitate Defendant's drug activities for which he has been convicted. Also, the Court **FINDS** by a preponderance of the evidence that Defendant failed to show that it is clearly improbable that such weapons were connected with Defendant's drug offenses. In short, a temporal and spacial relation existed between the weapons, the drug trafficking activities for which Defen-

dant was convicted and the Defendant. *United States v. Eastland,* 989 F.2d 760, 770 (5th Cir.), *cert. denied* 510 U.S. 890, 114 S.Ct. 246, 126 L.Ed.2d 200; U.S.S.G. § 2D1.1(b)(1) and comment. (n.3.) (1991); *see also United States v. Hall,* 46 F.3d 62 (11th Cir.1995). Therefore, the Court **FINDS** that Defendant's offense level is due to be and hereby is **ENHANCED** by two levels.

In this action, Defendant's original sentence was 241 months without parole. Upon recalculation under the Guidelines, after vacation of Defendant's Section 924(c) convictions, and with the two level enhancement for possession of a firearm in connection with the commission of a drug offense, Defendant's new sentence is 151 months without parole (low-end calculation). Such a sentence is a ninety (90) month reduction of Petitioner's original sentence.

## III. CONCLUSION

The Court **DENIES** the Government's Motion to Resentence Petitioner. However, as the Court finds that sufficient evidence existed at the time of the original sentencing to enhance Petitioner's offense level by two levels for possession of a firearm in connection with Petitioner's drug offenses, the Court **ORDERS** such enhancement. The Court has prepared a new Judgment in a Criminal Case, which states Petitioner's new sentence, adopts the Findings of Fact from the original Presentence Report with the exception of those facts relating solely to the § 924(c) convictions, and states the reasons for Petitioner's new sentence.

As the Court vacated Petitioner's convictions under Counts Six and Eleven of the Superseding Indictment, the Court **ORDERS** the Government to refund to Robert Mixon the $100.00 in special assessments paid by Mr. Mixon with regard to his two Section 924(c) convictions.