Iyan MAYES, Petitioner,

v.

UNITED STATES of America,
Respondent.

Civil Action No. 96–40213.

United States District Court,
E.D. Michigan,
Southern Division.

Aug. 30, 1996.

As Corrected Nov. 1, 1996.

Iyan Mayes, Petersburg, VA, Pro se.

Nancy A. Abraham, U.S. Attorney's Office,
Flint, MI, for U.S.

## ORDER GRANTING MOTION TO VACATE CONVICTION PURSUANT TO 28 U.S.C. § 2255

GADOLA, District Judge.

### A. Petitioner's § 2255 Motion

Petitioner was convicted of violating 18 U.S.C. § 841(a), possession of cocaine base with intent to distribute, and 18 U.S.C. § 924(c)(1), use of a firearm during and in relation to a drug offense. Petitioner has

filed this section 2255 motion, requesting that this court vacate his § 924(c)(1) conviction. Petitioner bases his motion on the Supreme Court's decision in *Bailey v. United States,* —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), which requires the Government to prove "active employment" of a firearm to sustain a conviction under the use prong of section 924(c). Petitioner does not challenge his § 841(a) conviction.

Both parties are in agreement that the § 924(c)(1) conviction must be vacated, in light of *Bailey.* Accordingly, this court will grant petitioner's motion.

**B. Resentencing**

The parties disagree over whether this court may resentence petitioner on his § 841(a) conviction in light of the vacatur of his § 924(c)(1) conviction. The Government wishes to resentence petitioner on his § 841(a) conviction so that it may request a two-level enhancement pursuant to 2D1.1(b)(1).[1] Petitioner argues that this court is without jurisdiction to resentence him on his § 841(a) conviction. Further, defendant inferentially argues that such resentencing would be unconstitutional in that it would violate the Double Jeopardy and Due Process Clauses.

■ In the wake of *Bailey,* district courts across the country have been faced with the situation presented to this court and have been called upon to determine the propriety of adjusting the sentence of a successful § 2255 petitioner to allow for a two-level increase pursuant to 2D1.1(b)(1).[2] The courts have been fairly evenly split. For example, compare *Rodriguez v. United States,* 933 F.Supp. 279 (S.D.N.Y.1996) (hold-

ing that court's limited jurisdiction precludes two-level increase on resentencing), and *Warner v. United States,* 926 F.Supp. 1387 (E.D.Ark.1996) (holding that Constitution and court's limited jurisdiction preclude two-level increase on resentencing), with *Merritt v. United States,* 930 F.Supp. 1109 (E.D.N.C. 1996) (holding that Constitution and court's jurisdiction allow for two-level increase on resentencing), and *Mixon v. United States,* 926 F.Supp. 178 (S.D.Ala.1996) (same). This court agrees with those courts that hold that it is proper for the district court to recalculate petitioner's entire sentencing package, even if petitioner only collaterally attacks one of the multiple, interdependent convictions underlying his sentence.

**1. Jurisdiction**

■ This court holds that section 2255 grants this court jurisdiction to recalculate petitioner's aggregate sentence. In other words, section 2255 grants this court authority to impose on petitioner the sentence he would have received had he not been convicted of § 924(c)(1). Section 2255 provides, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States ... may move the court which imposed the sentence to vacate, set aside, or correct the sentence.
>
> . . . .
>
> ... If the court finds that the sentence imposed was not authorized by law or otherwise open to collateral attack ... the

---

1. U.S.S.G. § 2D1.1(b)(1) provides for a two-level increase in petitioner's base offense level for the § 841(a) conviction "if a dangerous weapon (including a firearm) was possessed...." When petitioner was convicted, this two-level increase could not be applied because the possession of the gun also served as the basis for the § 924(c)(1) conviction. The two-level increase, if applied, would have impermissibly "double counted" the possession of the gun. There can be no question, however, that the Government would have requested the two-level increase had petitioner not also pled guilty to the § 924(c)(1) charge.

2. As of the date of this opinion, this court is aware of no court of appeals decisions involving this issue. There are courts of appeals, however, that have held that after a direct appeal in which a conviction on one count is vacated, the court of appeals has the authority to remand a case to the district court for resentencing on all interdependent counts. *United States v. Clements,* 86 F.3d 599 (6th Cir.1996); *United States v. Roulette,* 75 F.3d 418, 426 (8th Cir.1996); *United States v. Lang,* 81 F.3d 955, 963–64 (10th Cir.1996); *United States v. Bermudez,* 82 F.3d 548, 550 (2d Cir.1996).

court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

28 U.S.C. § 2255. When defendant brought this § 2255 motion, he attacked the sentence that he received. This sentence was based on his plea of guilty to both § 924(c)(1) and § 841(a). Both of these convictions were considered interdependently in arriving at petitioner's final, aggregate sentence. *See United States v. Clements,* 86 F.3d 599 (6th Cir.1996) (recognizing that interdependence of convictions leads to a single sentencing package). Resentencing, as used in § 2255, "requires the court to reexamine the aggregate sentence thus allowing it to enhance the sentences on the other convictions as appropriate." *Merritt,* 930 F.Supp. at 1114. *See United States v. Tucker,* 90 F.3d 1135, 1143–44 (6th Cir.1996) (holding that "reversal of the § 924(c) convictions [under *Bailey* ] means that the Government may now seek such enhancements [under § 2D1.1(b)(1) ].").

As stated by the First Circuit:

[W]hen a defendant is found guilty on a multicount indictment, there is a strong likelihood that the district court will craft a disposition in which the sentences on the various counts form part of an overall plan. When the conviction on one or more of the component counts is vacated, common sense dictates that the judge should be free to review the efficacy of what remains in light of the original plan, and to reconstruct the sentencing architecture upon remand, within applicable constitutional and statutory limits, if that appears necessary in order to ensure that the punishment still fits both the crime and the criminal.

*United States v. Pimienta–Redondo,* 874 F.2d 9, 14 (1st Cir.1989), *cert. denied,* 493 U.S. 890, 110 S.Ct. 233, 107 L.Ed.2d 185 (1989) (holding that on direct appeal, appellate court may remand for resentencing of all counts).

Indeed, it seems odd that section 2255 would grant the district court the power to "correct" the petitioner's sentence, yet require the court to leave in place a sentence that is· undoubtedly incorrect, in that it no longer represents the seriousness of petitioner's actions and no longer comports with the sentencing guidelines. Yet this is the result advocated by petitioner.

In sum, this court holds that under section 2255, this court has jurisdiction to adjust the guideline calculations on petitioner's § 841(a) conviction so that his aggregate sentence properly represents the seriousness of his actions.

**2. Double Jeopardy**

■ "[T]he Double Jeopardy Clause protects against three distinct abuses: a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense." *United States v. Halper,* 490 U.S. 435, 440, 109 S.Ct. 1892, 1897, 104 L.Ed.2d 487 (1989). An increase upon resentencing may constitute multiple punishments for the same offense only if petitioner has a legitimate "expectation of finality in the original sentence." *United States v. DiFrancesco,* 449 U.S. 117, 139, 101 S.Ct. 426, 438, 66 L.Ed.2d 328 (1980). It has been argued that a petitioner has a legitimate expectation of finality in all portions of a sentence that have withstood appeal and that are not being collaterally attacked. *See Warner,* 926 F.Supp. at 1392–95. This court disagrees. Once petitioner attacks a conviction that serves as a basis for his sentence, he runs the risk that if he is successful, the court will have to readjust any interdependent sentencing calculations pertaining to other convictions so that petitioner's new aggregate sentence properly reflects his actions and comports with the sentencing guidelines. This is because petitioner is, in effect, challenging "the entire sentencing plan." *Mixon,* 926 F.Supp. at 180–81. Accordingly, in the case at bar, petitioner does not have a legitimate expectation of finality in the sentencing guidelines calculations pertaining to his § 841(a) conviction.

**3. Due Process**

■ An increase of two levels on petitioner's § 841(a) base offense level could implicate due process if petitioner "has served so

much of his sentence that his expectations as to its finality have crystallized and it would be fundamentally unfair to defeat them." *United States v. Lundien,* 769 F.2d 981, 987 (4th Cir.1985), *cert. denied,* 474 U.S. 1064, 106 S.Ct. 815, 88 L.Ed.2d 789 (1986). For the reasons already discussed, petitioner does not have legitimate expectations of finality in the sentence calculations pertaining to his § 841(a) conviction. Accordingly, it is not fundamentally unfair to alter those calculations in light of the vacatur of petitioner's § 924(c)(1) conviction. The resentencing of petitioner will not violate his due process rights. *Merritt,* 930 F.Supp. at 1115.

### *ORDER*

Therefore, it is hereby **ORDERED** that petitioner's § 2255 motion be **GRANTED** and that his conviction on Count II, alleging violation of 18 U.S.C. § 924(c)(1), be **VACATED.** It is hereby further **ORDERED** that the probation department create another presentencing report taking into account the vacatur of petitioner's conviction on Count II. It is hereby further **ORDERED** that counsel be appointed to represent petitioner during his resentencing, to take place at a time and date set by this court.

**SO ORDERED.**