Phillip SANTIAGO, Petitioner,

v.

UNITED STATES of America,
Respondent.

Nos. 1:95CV2769, 1:91CR307.

United States District Court,
N.D. Ohio.

Dec. 23, 1996.

## MEMORANDUM OPINION AND ORDER

ECONOMUS, District Judge.

This matter is before the Court upon petition of Phillip Santiago ("Petitioner") pursuant to Title 28, United States Code, § 2255 ("§ 2255") to vacate his conviction under Title 18, United States Code, § 924(c) ("§ 924(c)"). Petitioner filed this § 2255 motion in the wake of the Supreme Court's ruling in *Bailey v. U.S.,* —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995).

On October 1, 1996, U.S. District Judge James G. Carr vacated the conviction and sentence and further ordered that the case be transferred to the Eastern Division of the District for further proceedings. The matter is now before this Court by random draw.

### BACKGROUND

Petitioner and five others were charged in an eighteen count indictment alleging, *inter alia,* conspiracy to possess with the intent to distribute heroin, cocaine and crack cocaine and using and carrying firearms during the commission of a drug felony.

On May 21, 1992, Petitioner plead guilty to conspiracy to possess with the intent to distribute narcotics (Count I of the Indictment) and using and carrying a firearm during the commission of a narcotics offense pursuant to § 924(c) (Count XVIII of the Indictment).

He was sentenced to seventy-eight months for the conspiracy charge and sixty months consecutive for the weapons charge.

In light of the *Bailey* decision, the Government concedes that Petitioner's conduct did not fall within the "use or carry" element of § 924(c) and that the sentence should be vacated. However, the Government argues that Petitioner should be resentenced pursuant to: § 2D1.1(b)(1) of the United States Sentencing Guidelines. § 2D1.1(b)(1) provides for a two level increase for "possession" of a firearm. U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (1995).

Petitioner argues that only the weapons charge is being attacked and that the Court lacks jurisdiction to resentence him. Furthermore, Petitioner contends that an enhancement of the sentence on the conspiracy charge would violate the Double Jeopardy and Due Process Clauses of the United States Constitution.

It should also be noted that Petitioner filed a *pro se* Response (Dkt. # 237) to the Government's Supplemental Response claiming he is entitled to a downward departure from the conspiracy sentence. This request was withdrawn by Petitioner's counsel at the hearing held on December 10, 1996.

The question is, when a habeas corpus motion has been granted vacating petitioner's § 924(c) sentence under *Bailey*, does this Court have jurisdiction to consider the enhancement pursuant to § 2D1.1(b)(1) for "possession" of a firearm and resentence the Petitioner. This is a novel issue which has arisen in the aftermath of *Bailey*, and the absence of Circuit Court precedent has produced inconsistent results among the District Courts. *Compare Rodriguez v. United States*, 933 F.Supp. 279 (S.D.N.Y.1996) (holding that court's limited jurisdiction precludes two-level increase on resentencing), *and Warner v. United States*, 926 F.Supp. 1387 (E.D.Ark.1996) (holding that Constitution and court's limited jurisdiction preclude two-level increase on resentencing), *with Merritt v. United States*, 930 F.Supp. 1109 (E.D.N.C. 1996) *and Mayes v. United States*, 937 F.Supp. 659 (E.D.Mich.1996) (holding that Constitution and court's jurisdiction allow for two-level increase on resentencing). This

Court agrees with the latter view, finding that it is within the court's jurisdiction to recalculate an entire sentencing package, even though Petitioner's attack is against only one count of the multi-count conviction.

### Jurisdiction

§ 2255 provides in pertinent part,

"If the court finds ... that the sentence imposed was not authorized by law or otherwise open to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255 (1949).

Petitioner attacked his sentence when he filed his § 2255 motion and since the sentence was based on his plea of guilty to both § 924(c) and the conspiracy charge, it can be considered the aggregate of the interdependent convictions. See *United States v. Clements*, 86 F.3d 599 (6th Cir.1996) (recognizing that interdependence of convictions leads to a single sentencing package). Therefore, resentencing, as used in § 2255, "requires the court to reexamine the aggregate sentence thus allowing it to enhance the sentences on the other convictions as appropriate." *Mayes*, 937 F.Supp. at 661 citing *Merritt*, 930 F.Supp. at 1114. *See also United States v. Tucker*, 90 F.3d 1135, 1143–44 (6th Cir.1996) (holding that "reversal of the § 924(c) convictions [under *Bailey* ] means that the Government may now seek such enhancements [under § 2D1.1(b)(1) ].").

As stated by the First Circuit:

[W]hen a defendant is found guilty on a multicount indictment, there is a strong likelihood that the district court will craft a disposition in which the sentences on the various counts form part of an overall plan. When the conviction on one or more of the component counts is vacated, common sense dictates that the judge should be free to review the efficacy of what remains in light of the original plan, and to reconstruct the sentencing architecture upon remand, within applicable constitutional and statutory limits, if that appears necessary

in order to ensure that the punishment still fits both the crime and the criminal.

*United States v. Pimienta–Redondo,* 874 F.2d 9, 14 (1st Cir.1989), *cert. denied,* 493 U.S. 890, 110 S.Ct. 233, 107 L.Ed.2d 185 (1989) (holding that on direct appeal, appellate court may remand for resentencing of all counts).

Furthermore, a court sentencing a defendant under § 924(c) is precluded from considering the two level enhancement under § 2D1.1(b)(1) so as to avoid double counting. *United States v. Harris,* 959 F.2d 246, 266–67 (D.C.Cir.1992). However, the Sixth Circuit has held that a defendant, who on direct appeal filed for reconsideration of his sentence based on *Bailey,* may have his sentence enhanced on remand for resentencing pursuant to 2D1.1(b)(1) if the defendant possessed a firearm in connection with his drug trafficking. *United States v. Clements,* 86 F.3d 599 at 601 (6th Cir.1996). The Court reasoned that the district court was no longer precluded from considering a two level enhancement, as the impediment of double-counting present at the original sentencing was removed due to the reversal of the § 924(c) conviction. *Id.* Once the conviction for using or carrying a firearm was vacated, the district court was free to consider the two level enhancement for possession of a firearm since the remaining charge for conspiracy and attempt to possess with intent to distribute was interdependent. *Id.* There is no reason why the same rationale should not apply in the instant matter. Consequently, it would be illogical to find that the Court is barred from considering the two level enhancement in instances where prisoners successfully challenge their sentences via habeas corpus, while at the same time, allowing the Court to consider the application of the same two level enhancement to prisoners who successfully attack those sentences by way of direct appeal.

### Double Jeopardy

■ "[T]he Double Jeopardy Clause protects against three distinct abuses: a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense." *United States v. Halper,* 490 U.S. 435, 440, 109 S.Ct. 1892, 1897, 104 L.Ed.2d 487 (1989). As such, the enhancement of the conspiracy sentence based upon vacatur of the § 924(c) sentence may constitute multiple punishments for the same offense, only if petitioner has a legitimate "expectation of finality in the original sentence." *United States v. DiFrancesco,* 449 U.S. 117, 139, 101 S.Ct. 426, 438, 66 L.Ed.2d 328 (1980). In *Warner,* 926 F.Supp. at 1392–95, the district court found that a petitioner has a legitimate expectation of finality in all portions of a sentence that have withstood appeal and that are not being collaterally attacked. This court disagrees.

"Once petitioner attacks a conviction that serves as a basis for his sentence, he runs the risk that if he is successful, the court will have to readjust any interdependent sentencing calculations pertaining to other convictions so that petitioner's new aggregate sentence properly reflects his actions and comports with the sentencing guidelines." *Mayes* at 661. This is because petitioner is, in effect, challenging "the entire sentencing plan." *Mixon v. United States,* 926 F.Supp. 178, 180–81 (S.D.Ala.1996). As a result, Petitioner relinquished any legitimate expectation in the finality of his entire sentence when he attacked the § 924(c) conviction.

### Due Process

■ The Court is aware that a two level increase of Petitioner's base offense level might violate due process if Petitioner "has served so much of his sentence that his expectations as to its finality have crystallized and it would be fundamentally unfair to defeat them." *United States v. Lundien,* 769 F.2d 981, 987 (4th Cir.1985), *cert. denied,* 474 U.S. 1064, 106 S.Ct. 815, 88 L.Ed.2d 789 (1986). However, for the reasons already discussed, Petitioner does not have legitimate expectations of finality in his sentencing calculations because he has put the sentencing package at issue via habeas corpus. Consequently, it is not fundamentally unfair to alter the sentencing calculations in light of the vacatur of Petitioner's § 924(c) conviction.

*Conclusion*

For the reasons stated above, the Court finds that it has jurisdiction to determine whether to enhance Petitioner's sentence pursuant to § 2D1.1(b)(1) of the United States Sentencing Guidelines. Therefore, the Court will conduct a hearing to determine if sufficient evidence exists to support a finding that the Petitioner possessed a firearm in connection with his drug trafficking activities within the meaning of the guidelines.

**IT IS SO ORDERED.**