DECISION
Fabiaen L. Mitchell, defendant-appellant, a minor, appeals the December 19, 2000 judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, adjudicating him to be a delinquent minor, having committed aggravated robbery, in violation of R.C. 2911.01, a first-degree felony if committed by an adult, and grand theft of a motor vehicle, in violation of R.C. 2913.02, a fourth-degree felony if committed by an adult.
On September 28, 2000, two complaints were filed, alleging on August 30, 2000, appellant was delinquent for having committed aggravated robbery and grand theft of a motor vehicle while possessing a handgun during the offenses. On December 12, 2000, the matter came on for a bindover hearing; however, the prosecutor informed the court that it had reached an agreement with appellant. The agreement was that appellant would admit to both offenses and be permanently committed to the Department of Youth Services ("DYS") for a minimum of two years as to the aggravated robbery count and a minimum of one year as to the grand theft of a motor vehicle count, with each to be served consecutively. The court proceeded to disposition and committed appellant to DYS for a minimum of two years on the aggravated robbery count and a minimum of one year on the grand theft of a motor vehicle count. The court ordered the sentences to run consecutively for a total minimum sentence of three years with a maximum of appellant reaching the age twenty-one. The court's disposition was journalized on December 19, 2000. Appellant appeals the judgment of the trial court, asserting the following assignments of error:
 I. THE TRIAL COURT ERRED WHEN IT COMMITTED FABIAEN MITCHELL TO A MINIMUM OF ONE (1) YEAR AND A MAXIMUM OF HIS TWENTY-FIRST BIRTHDAY IN THE DEPARTMENT OF YOUTH SERVICES FOR GRAND THEFT OF A MOTOR VEHICLE, A FELONY OF THE FOURTH DEGREE IF COMMITTED BY AN ADULT.
 II. FABIAEN MITCHELL WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL FAILED TO OBJECT TO FABIAEN'S SENTENCE OR OTHERWISE BRING THE SENTENCING ERROR TO THE COURT'S ATTENTION.
Appellant asserts in his first assignment of error that the trial court erred in committing him to a minimum of one year and a maximum of his twenty-first birthday in DYS for grand theft of a motor vehicle. R.C.2913.02(B)(5) provides that if a child is adjudicated delinquent for committing an act that would be a felony of the fourth degree if committed by an adult, the court may commit the child to DYS for a minimum period of six months and a maximum of the child's twenty-first birthday. Thus, appellant's commitment for a minimum term of one year for grand theft of a motor vehicle, a fourth-degree felony if committed by an adult, was improper. The state agrees that the sentencing in this respect was improper and that we must remand the matter for further disposition.
However, the state contends that upon remand, the trial court should be permitted to refashion the sentence as to the aggravated robbery count, so as to commit appellant for a total minimum of three years on both counts in accord with the parties' and trial court's original intent. Appellant claims that double jeopardy prohibits the trial court from refashioning the commitment as to the aggravated robbery count upon remand. Appellant also asserts there is nothing in the record to demonstrate a specific intent of the parties to commit him to DYS for a minimum of three years.
In support of its argument, the state points to several federal cases. There exists in federal case law a principle entitled the "sentencing package doctrine." Pursuant to this doctrine, when a defendant is sentenced under a multi-count indictment and the sentences imposed on those counts are interdependent, a trial court has the authority to reevaluate the entire aggregate sentence or sentencing package, including the unchallenged portions, upon remand. Santiago v. United States (N.D.Ohio. 1996), 954 F. Supp. 1201; United States v. Callins (C.A.6, 1999), 182 F.3d 919. The underlying theory is that in imposing any sentence, a district judge typically looks to the bottom line, or the total number of years, in effectuating a sentencing package. See United States v. Smith (C.A.7, 1996), 103 F.3d 531, 533. Thus, when part of a sentence is vacated, the entire sentencing package becomes "unbundled," and the trial judge is entitled to resentence a defendant on all counts to effectuate its previous intent. United States v. Martenson (C.A.7, 1999), 178 F.3d 457, citing United States v. Shue (C.A.7, 1987),825 F.2d 1111. As aptly explained by the United States Court of Appeals for the First Circuit:
 [W]hen a defendant is found guilty on a multicount indictment, there is a strong likelihood that the district court will craft a disposition in which the sentences on the various counts form part of an overall plan. When the conviction on one or more of the component counts is vacated, common sense dictates that the judge should be free to review the efficacy of what remains in light of the original plan, and to reconstruct the sentencing architecture upon remand, within applicable constitutional and statutory limits, if that appears necessary in order to ensure that the punishment still fits both crime and criminal. United States v. Pimienta-Redondo (C.A.1, 1989), 874 F.2d 9, 14.
Federal courts have found that the sentencing package doctrine does not violate the Double Jeopardy Clause. The Double Jeopardy Clause proscribes resentencing only when a defendant has developed a legitimate expectation of finality in his original sentence. United States v. DiFrancesco (1980), 449 U.S. 117, 139; State v. Jackson (1997), 123 Ohio App.3d 22. Finality generally attaches once a sentence has been executed via delivery from the temporary detention facility of the judicial branch to the penal institution of the executive branch. United States v. Benz (1931), 282 U.S. 304, 51 S.Ct. 113; United States v. Davidson (C.A.10, 1979), 597 F.2d 230; State v. Hayes (1993), 86 Ohio App.3d 110, 112, citing State v. Addison (1987), 40 Ohio App.3d 7. However, a defendant does not have a legitimate expectation in the finality of his original sentence if he challenges one count of two or more interdependent convictions upon appeal. Pasquarille v. United States (C.A.6, 1997),130 F.3d 1220, 1222; see, also, Shue, supra. In that situation, a defendant places the validity of his entire sentencing package, not merely its individual components, at issue. See id. "Because the defendant has no legitimate expectation of finality in any discrete part of an interdependent sentence after a partially successful appeal or collateral attack, there is no double jeopardy bar to enhancing an unchallenged part of an interdependent sentence to fulfill the court's original intent." United States v. Harrison (C.A.8, 1997), 113 F.3d 135, 138, citing United States v. Binford (C.A.7, 1997),108 F.3d 723, 728-730.
One recently decided Ohio case touches upon the issue in the present case. In State v. Nelloms (June 1, 2001), Montgomery App. No. 18421, unreported, the defendant was convicted of one count of felonious sexual penetration and seven counts of rape of his daughter. The trial court sentenced him to life imprisonment on each count, with four counts to be served consecutive to each other and concurrent to the other four counts. On direct appeal, the appellate court reversed two of the consecutive counts and two of the concurrent counts for lack of subject matter jurisdiction and remanded for resentencing on the four remaining counts. Upon remand, the trial court resentenced the defendant to four consecutive life sentences on the four remaining counts. The defendant appealed, claiming the trial court erred upon remand when its sentence altered the remaining counts from concurrent to consecutive.
On appeal, the court of appeals in Nelloms stated "[i]n multi-count situations, the judge imposes a sentence as a package, taking into consideration a myriad of factors." Citing numerous federal and United States Supreme Court cases, the court of appeals went on to state that "when one or more counts constituting the original sentence are vacated, the trial court should be able to review what remains and reconstruct the sentence in light of the original sentencing plan." Id. The court in Nelloms explained that, in other words, upon remand, a judge may reshape the entire impost as a means of bringing the original sentencing intentions to fruition after some new development has intervened.
Although the issue and underlying legal procedure was different in Nelloms, we find the logic in Nelloms and the above-cited federal case law instructive in the present case. The disposition of appellant in the current case was pursuant to a multi-count complaint. Appellant has appealed his disposition on the grand theft of a motor vehicle adjudication, while leaving the aggravated robbery adjudication and disposition unchallenged. Although he has already begun to serve the time imposed, by challenging one portion of his disposition package and placing his entire disposition at issue, appellant no longer has a legitimate expectation of finality. Thus, upon remand, the trial court may, within its discretion, refashion disposition as to both counts, in order to achieve a rational, coherent structure to effectuate the court's original intentions.
We note that the only other Ohio case we found that discussed this issue was State v. Varney (Mar. 26, 1991), Miami App. No. 90 CA 30, unreported. In Varney, the defendant was convicted of seven felony counts. The court of appeals reversed three counts and remanded the other four for resentencing. Upon remand, the trial court re-imposed the same terms of confinement on the four counts, but three of the counts were ordered to be served consecutively rather than concurrently as previously ordered. The defendant claimed the increased penalty violated double jeopardy because he had already begun to serve the previous sentences after his delivery to the penal institution of the executive branch, and the court of appeals agreed. Although the court of appeals recognized that jeopardy does not apply after a defendant has begun to serve his sentence if he has no expectation of finality in the sentencing order, it found that the defendant did have an expectation of finality in his sentencing. The court found that because in his original appeal he had not challenged the sentencing in any respect and only challenged the validity of his convictions, the defendant had the expectation for only the possibility of a remand for a new trial.
However, the appellate court in Varney then acknowledged: "We are aware of cases in other jurisdictions that apply a theory that when a defendant challenges one of several interdependent sentences, he in effect challenges the entire sentencing plan." The court differentiated the Varney case by finding that it did not view the sentences in the case before it to be interdependent. The court stated that for the purposes of the Double Jeopardy Clause, it viewed the convictions to be analytically the same as if they had been imposed in seven separate cases and appealed in separate appeals. That distinction is not present in this case. In Varney, the defendant was convicted on various counts of engaging in a pattern of corrupt activity, drug trafficking, having a weapon under disability, and possession of a dangerous ordnance (blasting caps). The weapon and blasting caps were confiscated from the defendant's home some time after his arrest for trafficking drugs, and the engaging in a pattern of corrupt activity resulted in his ongoing drug operation with other individuals. Also, the felony convictions in Varney resulted from two separate trial court cases, and there is nothing indicating all of the felony counts were contained in the same indictment. To the contrary, in the present case, appellant's aggravated robbery and grand theft of an automobile were interdependent because both occurred at the same time, resulted from the same conduct, and were contained in the same juvenile court complaint. Further, unlike Varney, in the present case appellant challenged the terms of his sentence and thus, could have expected his aggregate sentence would be affected by his appeal. For the foregoing reasons, appellant's first assignment of error is sustained.
Appellant argues in his second assignment of error that he was denied effective assistance of counsel. Specifically, appellant asserts that his trial counsel was ineffective in not raising the issue regarding the one-year minimum commitment for the grand theft of a motor vehicle count. Given our disposition of appellant's first assignment of error, appellant's second assignment of error is rendered moot, and we decline to address it. See App.R. 12(A)(1)(c).
Accordingly, appellant's first assignment of error is sustained, his second assignment of error is rendered moot, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch is reversed and this case is remanded for resentencing.
 __________________ BROWN, J.
PETREE and DESHLER, JJ., concur.