UNITED STATES of America, Appellee,

v.

Wilfredo BERMUDEZ; Felipe Guaba-Rosario; Juan Balaguer; Thomas Polanco-Perez; Yolanda Santos; Sharon Diaz; Jose R. Padro; Anthony Martinez; Mufutau Biodin Olanrewaju; Abu Ashorobi; John Doe 92–372–19 and Catalina Reyes, Defendants,

Jose Antonio Colon, also known as "Coleto" and Hector Luis Arroyo, Defendants–Appellants.

Nos. 315, 316, Dockets 94–1031, 94–1032.

United States Court of Appeals, Second Circuit.

Argued Dec. 16, 1994.

Decided Dec. 27, 1994.

Vacated and Remanded Dec. 11, 1995.

Submitted March 8, 1996.

Decided May 2, 1996.

---

* Of the District of Massachusetts, sitting by designation.

consideration in light of *Bailey v. United States,* —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). *Arroyo v. United States,* —— U.S. ——, 116 S.Ct. 663, 133 L.Ed.2d 515 (1995) (mem.). For the reasons set forth below, we now vacate the conviction on the firearm charge and remand for further proceedings.

On March 5, 1992, police searched Arroyo's home pursuant to a valid search warrant. They found $11,900 in cash, a plastic bag and glassine envelopes containing heroin, and two handguns plus ammunition. The search also uncovered tools for processing heroin, including a triple-beam scale, strainers, glassine envelopes, and an electronic mixer. Following a thirteen-day trial, Arroyo was convicted on five counts: one count of narcotics conspiracy; three counts of possession of heroin with intent to distribute; and one count of using and carrying a firearm during and in relation to a narcotics crime, pursuant to 18 U.S.C. § 924(c)(1). On December 20, 1993, Arroyo was sentenced to 144 months' imprisonment (84 months on the four narcotics charges and a mandatory consecutive 60 months on the § 924(c)(1) charge), plus the special assessment.

This Court affirmed, rejecting, *inter alia,* Arroyo's claim that there was insufficient evidence to support the firearm conviction. Arroyo subsequently petitioned the Supreme Court for certiorari to review his conviction. On December 6, 1995, while Arroyo's petition was pending, the Supreme Court decided *Bailey v. United States,* —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). On December 11, 1995, the Supreme Court granted Arroyo's petition, vacated this Court's judgment, and remanded for reconsideration in light of *Bailey.*

We asked counsel to submit letter briefs addressing the effect of *Bailey,* and we have carefully considered them. Arroyo urges, and the Government concedes, that Arroyo's conviction under § 924(c)(1) must be vacated. 18 U.S.C. § 924(c)(1) provides:

> Whoever, during and in relation to any crime of violence or drug trafficking crime ... for which he may be prosecuted in a court of the United States, *uses or carries a firearm,* shall, in addition to the punish-

Roger B. Adler, New York City, for Defendant–Appellant Hector Luis Arroyo.

Bruce G. Ohr, Assistant United States Attorney for the Southern District of New York, White Plains, NY (Mary Jo White, United States Attorney for the Southern District of New York, Nancy J. Northup, Assistant United States Attorney, New York City, of counsel), for Appellee.

Before: FEINBERG, MESKILL, and JACOBS, Circuit Judges.

PER CURIAM:

In 1993, defendant Hector Luis Arroyo was convicted in the United States District Court for the Southern District of New York (Mukasey, *J.*) of several narcotics offenses and of "use" of a firearm in connection with one of these offenses. On December 27, 1994, this Court affirmed Arroyo's conviction in an unpublished summary order. On December 11, 1995, the Supreme Court vacated this Court's judgment and remanded for re-

ment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years .... [T]he court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, nor shall the term of imprisonment imposed under this subsection run concurrently with any other term of imprisonment including that imposed for the crime of violence or drug trafficking crime in which the firearm was used or carried.

(Emphasis added.) Our affirmance of Arroyo's § 924(c)(1) conviction rested on this Court's settled interpretation of the term "use."[1] We had held prior to *Bailey* that a defendant can "use" a firearm "without firing, brandishing or displaying it." *United States v. Meggett*, 875 F.2d 24, 29 (2d Cir.), *cert. denied*, 493 U.S. 858, 110 S.Ct. 166, 107 L.Ed.2d 123 (1989). We reasoned that "use" can be established "where circumstances indicate that the defendant intended to use the weapon by strategically placing it so that it could be available for use during a drug transaction." *United States v. Medina*, 944 F.2d 60, 66 (2d Cir.1991), *cert. denied*, 503 U.S. 949, 112 S.Ct. 1508, 117 L.Ed.2d 646 (1992). In *United States v. Torres*, 901 F.2d 205, 217 (2d Cir.), *cert. denied*, 498 U.S. 906, 111 S.Ct. 273, 112 L.Ed.2d 229 (1990), we upheld a § 924(c)(1) conviction based on the discovery during a raid of a loaded .357 Magnum handgun under a queen size mattress, even though it took two government agents to lift the bedding.

■ In *Bailey v. United States*, — U.S. —, —, 116 S.Ct. 501, 508, 133 L.Ed.2d 472 (1995), the Supreme Court held that a conviction cannot be sustained under § 924(c)(1) unless the evidence shows that the defendant made "active employment" of the firearm, such as by "brandishing, displaying, bartering, striking with, and most obviously, firing or attempting to fire, a firearm." By contrast, the storage of a firearm near drug paraphernalia, or even the nearby concealment of a firearm in readiness for imminent confrontation do *not* constitute "use"

within the meaning of § 924(c)(1). *Id.* — —, 116 S.Ct. at 508–09. Otherwise, the Supreme Court reasoned, such a construction would make "use" indistinguishable from "possession," and would render meaningless the alternative prohibition against the "carrying" of a firearm in § 924(c)(1). *Id.*

■ In light of *Bailey*, we agree with the parties that Arroyo's conviction under § 924(c)(1) must be vacated. The two handguns that formed the basis of the charge were discovered in a closet during a search of Arroyo's home. Although they were in proximity to the drugs stored in the closet, and were at the ready, there is no evidence that the guns were actively employed in connection with a drug crime.

■ We remand Arroyo's case to the district court for resentencing on the remaining four counts on which he was convicted, so that the district court may consider whether to enhance Arroyo's offense level under U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon in connection with a drug trafficking offense. At the sentencing in December 1993, double-counting principles prevented the district court from enhancing Arroyo's offense level for the narcotics counts under U.S.S.G. § 2D1.1(b)(1) at the same time as it was imposing the mandatory consecutive five-year sentence under § 924(c)(1). *See* U.S.S.G. § 2K2.4, application note 2; *United States v. Howard*, 998 F.2d 42, 48 (2d Cir.1993); *United States v. Olvera*, 954 F.2d 788, 791 (2d Cir.), *cert. denied*, 505 U.S. 1211, 112 S.Ct. 3011, 120 L.Ed.2d 885 (1992). "[A] sentencing judge could, on remand, increase the sentence on a specific count where the original sentence was imposed as part of a 'package' that included a mandatory consecutive sentence which was subsequently found to be invalid." *United States v. Gelb*, 944 F.2d 52, 59 (2d Cir.1991). As to whether such an increase is appropriate here, we express no view.

For these reasons, we vacate Arroyo's conviction for use of a firearm in connection with

---

**1.** It is undisputed that the alternative prohibition against "carrying" a firearm in connection with

a drug crime is inapplicable here.

a drug crime and remand this case for resentencing.