**Gerald Allen THAYER and Dawn Marie Thayer, Petitioners,**

v.

**UNITED STATES of America, Defendant.**

Civil Nos. 95–40436, 96–40031.
Criminal No. 90–50016.

United States District Court,
E.D. Michigan,
Southern Division.

Aug. 30, 1996.

James L. Edmonds, Grand Blanc, MI, for Petitioners.

Mark C. Jones, U.S. Attorney's Office, Flint, MI, for the U.S.

## ORDER GRANTING THE GOVERNMENT'S MOTION TO RESENTENCE

GADOLA, District Judge.

On April 4, 1996, this court entered an order setting aside the petitioners' convictions on count V of the indictment in criminal action number 90–50016, which alleged the use of firearms during and in relation to a felony under 18 U.S.C. § 924(c). The petitioners had each moved, pursuant to 28 U.S.C. § 2255, to vacate their convictions on the section 924(c) counts in the wake of the United States Supreme Court's decision in *Bailey v. United States,* 516 U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995) (requiring "active employment" of a firearm to sustain a conviction under the "use" prong of section 924(c)). In its joint response to the petitioners' motions, the government agreed that, in light of *Bailey,* there was no longer an adequate factual basis to sustain the convictions under count V. The government also requested that, because the petitioners did not receive two-point enhancements under § 2D1.1(b) of the United States Sentencing Guidelines due to their conviction on the section 924(c) counts, the petitioners be resentenced on the remaining counts of their convictions after the guidelines are recalculated with the two-point enhancement. This court ordered the United States Probation Department to recalculate the guidelines range for the petitioners and set the date for resentencing in this matter for May 14, 1996.

At the resentencing, the petitioners objected to the recalculation of their guideline range for the counts remaining on their convictions on the ground that the defendants had served the entire time of their sentences on the remaining counts. On May 28, 1996, the petitioners filed an amended motion to vacate their sentences pursuant to 28 U.S.C. § 2255, supplementing the arguments presented at the May 14, 1996 hearing. The government filed a response on June 3, 1996, contending that resentencing on the remaining counts was appropriate because the petitioners had violated the terms of their Rule 11 plea agreements by filing their section 2255 motions. This court conducted a hearing on these motions on June 20, 1996.

## I. Factual and Procedural Background

Before this court delves into the legal questions presented, an explication of the facts underlying the petitioners' convictions and sentences is warranted. On May 11, 1990, the petitioners were indicted with eight other defendants on charges relating to the distribution of large quantities of marijuana. Specifically, Gerald Allen Thayer was charged with conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 846 (count I), possession with intent to distribute marijuana under 21 U.S.C. § 841(a)(1) (count IV), use of a firearm during and in relation to a felony drug offense in violation of 18 U.S.C. § 924(c) (count V), and a violation of 18 U.S.C. § 922(g)(1) as a felon in possession of a firearm (count VI). Dawn Marie Thayer was indicted on all of these charges except the felon in possession of a firearm charge contained in count VI of the May 11, 1990 superseding indictment.

On November 13, 1990, Gerald Allen Thayer entered a plea of guilty to all four counts (counts I, IV, V and VI) pursuant to a Rule 11 plea agreement. Dawn Marie Thayer also entered a guilty plea on that date to the charges contained in counts I, IV and V pursuant to a similar Rule 11 agreement. The Rule 11 agreement provided that, based upon the petitioners' cooperation with the government, the government would move for a downward departure under § 5K1.1 of the United States Sentencing Guidelines and that any incarceration imposed would be limited to a total of eleven years (132 months). Before that motion was made, Gerald Allen Thayer's maximum sentence under the Rule

11 agreement, if accepted, would have been 211 months, equalling the lower limit of the guideline range for counts I, IV and VI (151 months) plus the mandatory consecutive sentence imposed for the section 924(c) charge contained in count V (60 months). Before that motion, Dawn Marie Thayer's maximum sentence under the Rule 11 agreement, if accepted, would have been 195 months, based upon the lower limit of her guideline range for counts I and IV (135 months) and the mandatory consecutive sentence for the section 924(c) charge in count V (60 months).

This court ultimately granted the government's motion for downward departure and, on March 7, 1991, sentenced each of the petitioners to 132 months of incarceration. The judgment entered upon sentencing indicates that Gerald Allen Thayer was sentenced to a term of 72 months on count I, 60 months on count IV and 72 months on count VI, all of which were to run concurrently, and a term of 60 months on count V, to run consecutive to the terms imposed under the other counts. In addition to incarceration, Gerald Allen Thayer was also sentenced to supervised release for a term of 5 years on counts I and IV and a term of 3 years on counts V and VI, all to run concurrently. Similarly, the judgment entered for Dawn Marie Thayer reflected a sentence of incarceration for a term of 72 months on count I and 60 months for count IV to run concurrently, in addition to the 60 consecutive months imposed for count V. Dawn Marie Thayer was also sentenced to a term of supervised release for a term of 5 years on counts I and IV, and 3 years on count 5, concurrently.

While the petitioners were serving their sentences, the Supreme Court issued its decision in *Bailey v. United States,* 516 U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). On December 20, 1995, Gerald Allen Thayer filed his motion to vacate his conviction under count V and to reduce his sentence in light of the *Bailey* decision pursuant to 28 U.S.C. § 2255 (Civil Case No. 95–40436). On January 15, 1996, Dawn Marie Thayer filed her section 2255 motion to vacate her conviction on count V on the same grounds (Civil Case No. 96–40031). Gerald Allen Thayer filed a motion to consolidate these actions on February 1, 1996. As detailed above, this court granted the petitioners' motions to vacate their respective section 924(c) convictions contained in count V of the May 11, 1990 superseding indictment and scheduled the matter for resentencing.

The central issue presented by the present motion is whether this court may resentence the petitioners on the remaining counts of their respective convictions in light of the vacatur of the § 924(c)(1) conviction. The Government wishes to resentence petitioners on these convictions so that it may request a two-level enhancement pursuant to 2D1.1(b)(1).[1] The petitioners contend that this court is without jurisdiction to resentence them on the remaining conviction because they did not challenge their sentence on those counts. Further, the petitioners submit that resentencing on the remaining counts would violate the Double Jeopardy and Due Process Clauses.

## II. Discussion

■ In the wake of *Bailey,* district courts across the country have confronted the thorny legal issues presently before this court concerning the propriety of adjusting the sentence of a successful § 2255 petitioner to allow for a two-level increase pursuant to 2D1.1(b)(1).[2] Review of several of the early

---

**1.** U.S.S.G. § 2D1.1(b)(1) provides for a two-level increase in petitioner's base offense level for a conviction involving drugs "if a dangerous weapon (including a firearm) was possessed...." When the petitioners were convicted, this two-level increase could not be applied because the alleged possession of the guns also served as the basis for the § 924(c)(1) conviction. The two-level increase, if applied, would have impermissibly "double counted" the possession of the guns. There can be no question, however, that the government would have requested the two-level

increase had the petitioners not also pled guilty to the § 924(c)(1) charge.

**2.** As of the date of this opinion, this court is aware of no court of appeals decisions involving this issue. There are courts of appeals, however, that have held that after a direct appeal in which a conviction on one count is vacated, the court of appeals has the authority to remand a case to the district court for resentencing on all interdependent counts. *United States v. Clements,* 86 F.3d 599 (6th Cir.1996); *United States v. Roulette,* 75 F.3d 418, 426 (8th Cir.1996); *United States v.*

decisions on the question discloses that the courts are fairly evenly divided. For example, compare *Rodriguez v. United States*, 933 F.Supp. 279 (S.D.N.Y.1996) (holding that court's limited jurisdiction precludes two-level increase on resentencing), and *Warner v. United States*, 926 F.Supp. 1387 (E.D.Ark. 1996) (holding that Constitution and court's limited jurisdiction preclude two-level increase on resentencing), with *Merritt v. United States*, 930 F.Supp. 1109 (E.D.N.C. 1996) (holding that Constitution and court's jurisdiction allow for two-level increase on resentencing), and *Mixon v. United States*, 926 F.Supp. 178 (S.D.Ala.1996) (same). This court agrees with those courts that hold that it is proper for the district court to recalculate an entire sentencing package, even if only one of the multiple, interdependent convictions underlying the sentence is collaterally attacked.

**Authority to Revisit Sentences Under 28 U.S.C. § 2255**

Upon review of the relevant authorities, this court finds that section 2255 authorizes this court to recalculate the petitioners' aggregate sentences, despite the fact that they directly challenged their sentences only on the section 924(c) convictions. Section 2255 provides, in part:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States ... may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

. . . .

... If the court finds that the sentence imposed was not authorized by law or otherwise open to collateral attack ... the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

*Lang*, 81 F.3d 955, 963–64 (10th Cir.1996); *United States v. Bermudez*, 82 F.3d 548, 550 (2d

28 U.S.C. § 2255. It has been recognized that, as used in § 2255, the term "resentence" implies that the court will "reexamine the aggregate sentence thus allowing it to enhance the sentences on the other convictions as appropriate." *Merritt*, 930 F.Supp. at 1114; *see United States v. Tucker*, 90 F.3d 1135, 1143–44 (6th Cir.1996) (holding that "reversal of the § 924(c) convictions [under *Bailey* ] means that the Government may now seek such enhancements [under § 2D1.1(b)(1) ]."). The logic behind this conclusion is well stated by the First Circuit:

[W]hen a defendant is found guilty on a multicount indictment, there is a strong likelihood that the district court will craft a disposition in which the sentences on the various counts form part of an overall plan. When the conviction on one or more of the component counts is vacated, common sense dictates that the judge should be free to review the efficacy of what remains in light of the original plan, and to reconstruct the sentencing architecture upon remand, within applicable constitutional and statutory limits, if that appears necessary in order to ensure that the punishment still fits both the crime and the criminal.

*United States v. Pimienta–Redondo*, 874 F.2d 9, 14 (1st Cir.1989), *cert. denied*, 493 U.S. 890, 110 S.Ct. 233, 107 L.Ed.2d 185 (1989) (holding that on direct appeal, appellate court may remand for resentencing of all counts). This court is satisfied that the logic and language of section 2255 grants this court the authority to revisit an entire sentencing package and to include the two-point enhancement provided in § 2D1.1(b) for possession of firearms, if necessary, after the vacatur of a section 924(c) count.

The structure of the Sentencing Guidelines and common sense buttress this construction of section 2255 and militate in favor of revisiting the petitioners' aggregate sentences. As the judgments demonstrate, the petitioners' entire sentences were based upon their pleas of guilty to all of the counts and the downward departure permitted by this court, not simply the section § 924(c) charge in

Cir.1996).

count V. It is clear that all of these convictions were factored interdependently into the petitioners' final, aggregate sentences of 132 months.[3] Accordingly, it only makes sense to conclude that, when the petitioners brought their § 2255 motions, they attacked the sentence that they received, not simply the sentence on count V, as they contend. *See United States v. Clements,* 86 F.3d 599 (6th Cir.1996) (recognizing that interdependence of convictions leads to a single sentencing package).

To be certain, it would create a perverse result this court were to construe section 2255 to grant this court the power to "correct" the petitioners' sentence, yet require this court to leave in place a sentence that is undoubtedly incorrect, in that it no longer represents the seriousness of petitioners' actions, reflects the terms of the Rule 11 agreement, or comports with the Sentencing Guidelines. This court can appreciate the ardor of the petitioners in advancing this construction, but this court cannot conclude that section 2255 compels this result. Accordingly, this court holds that under section 2255, this court has jurisdiction to adjust the guideline calculations on petitioners' remaining convictions so that their aggregate sentences properly represent the seriousness of their actions and the terms of the Rule 11 agreements accepted by this court.

**Constitutional Limitations to Resentencing**

In their objections during the original resentencing hearing on May 14, 1996, the petitioners contended that recalculation of their guideline ranges for the counts remaining on their conviction would violate the double jeopardy and due process clauses, because the petitioners have served the entire sentences imposed on the remaining counts. On August 1, 1996, the petitioners submitted letters from the Federal Bureau of Prisons, calculating the proposed release date for each of the petitioners following the vacatur of the section 924(c) charges in their respective convictions. These letters estimate that the petitioners would have been released from federal custody on November 21, 1995, in the absence of a conviction on count V.[4] Based on the dates in these letters, the petitioners assert that they have served their entire sentences on the remaining counts and that, therefore, either the double jeopardy or due process clause prevents this court from revisiting the sentences imposed on those counts. This court disagrees and will address these claims in turn.

**Double Jeopardy**

■ "[T]he Double Jeopardy Clause protects against three distinct abuses: a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense." *United States v. Halper,* 490 U.S. 435, 440, 109 S.Ct. 1892, 1897, 104 L.Ed.2d 487 (1989). The imposition of a longer or harsher sentence upon resentencing may constitute multiple punishments for the same offense only if a petitioner has a legitimate "expectation of finality in the original sentence." *United States v. DiFrancesco,* 449 U.S. 117, 139, 101 S.Ct. 426, 438, 66 L.Ed.2d 328 (1980). In the context of a defendant who challenges on direct appeal any one of several interdependent sentences or underlying convictions, it has been held

---

3. The calculations of the terms of the sentences demonstrate their interdependence. This court accepted a plea agreement and granted a motion of downward departure which permitted this court to sentence the petitioners to a maximum of eleven years (132 months). When reducing the sentence imposed to judgment, this court was required to impose the 60 month mandatory consecutive sentence accompanying the section 924(c) charges in count V in addition to the sentences on the remaining charges. Accordingly, the maximum sentence that could have been imposed for any of the remaining sentences was 72 months (= 132 − 60). Despite the fact that the sentences for the remaining counts would have carried a minimum guideline sentence range of 151 months for Gerald Allen Thayer and 135 months for Dawn Marie Thayer, this court could not sentence the petitioners beyond the 72 months because of the 60 month mandatory consecutive charge. Clearly, because the guideline ranges on the remaining counts would have supported a sentence of 132 months without the section 924(c) sentence, the sentence on those remaining counts were interdependent.

4. Essentially, the letters calculate the proposed release dates by subtracting 60 months from the projected dates of release under the petitioners' existing 132 month sentences, with credit for good conduct.

that the defendant does not enjoy a legitimate expectation of finality in any discrete portion of the aggregate sentence. *United States v. Shue*, 825 F.2d 1111, 1115 (7th Cir.1987); *Mixon v. United States*, 926 F.Supp. 178 (S.D.Ala.1996); *Alton v. United States*, 928 F.Supp. 885 (E.D.Mo.1996).

■ This court finds that, for purposes of the double jeopardy clause, a habeas petitioner's expectation of finality in one discrete portion of an interdependent sentence does not differ in any material respect from that of a defendant on direct appeal. Accordingly, the petitioners cannot claim a legitimate expectation of finality in their sentences on the remaining convictions. The double jeopardy clause does not prevent this court from revisiting the sentences on those convictions to consider the two-point enhancement under § 2D1.1(b)(1) so that the petitioners' new aggregate sentence may adequately reflect the severity of their actions, comport with the sentencing guidelines and carry out the terms of the Rule 11 agreement.

### Due Process

■ A two point enhancement under § 2D1.1(b)(1) imposed on the base offense level of the petitioners' remaining convictions could implicate due process if the petitioners have "served so much of [their] sentence[s] that [their] expectations as to its finality have crystallized and it would be fundamentally unfair to defeat them." *United States v. Lundien*, 769 F.2d 981, 987 (4th Cir.1985), *cert. denied*, 474 U.S. 1064, 106 S.Ct. 815, 88 L.Ed.2d 789 (1986). For the reasons already discussed, this court finds that the petitioners do not enjoy a legitimate expectation of finality in the sentence calculations pertaining to the remaining counts.

This court also finds that it is not fundamentally unfair to alter those calculations in light of the vacatur of petitioners' § 924(c)(1) conviction. As discussed above, the petitioners received sentences of 132 months based upon their respective Rule 11 agreements. The judgments of conviction incorporated a 60 month mandatory consecutive sentence under section 924(c) and imposed a maximum sentence on the remaining counts equal to the difference between 132 months and 60

months. Without the section 924(c) conviction, however, the petitioners' minimum guideline sentence ranges on the remaining counts would have been sufficient to support the 132 month sentence imposed under the Rule 11 agreement. Under such circumstances, this court is not convinced that it would be fundamentally unfair to correct the petitioners' sentences in the remaining counts to reflect the terms of the Rule 11 agreement. The petitioners secured a plea agreement that contemplated a sentence of 132 months and that agreement did not differentiate among the sentences to be imposed on the various charges. Any legitimate expectation of finality, therefore, would be in the overall sentence of 132 months secured by that agreement, not in the individual sentences listed in the judgment of conviction. Due process does not prohibit this court from revisiting the sentences imposed on the remaining counts to bring them into conformity with the terms of the petitioners' respective Rule 11 agreements.

### Conclusions

For the reasons stated above, this court finds that resentencing of the petitioners is appropriate in light of the vacatur of their section 924(c) convictions. Accordingly, the government's motion to resentence the petitioners based upon a recalculation of the guidelines to include the two-point enhancement under § 2D1.1(b)(1) of the Sentencing Guidelines will be granted. Resentencing will be scheduled for September 11, 1996 at 11:00 a.m.

### *ORDER*

Therefore, it is hereby **ORDERED** that the government's motion to resentence the petitioners, Gerald Allen Thayer and Dawn Marie Thayer, is **GRANTED.**

**IT IS FURTHER ORDERED** that resentencing is scheduled for September 11, 1996 at 11:00 a.m.

**SO ORDERED.**