**UNITED STATES of America**

v.

**Evans RAY, Defendant.**

**Criminal Action No. 90–0420–01–LFO.**

United States District Court,
District of Columbia.

Dec. 4, 1996.

**365**

John M. Facciola, Asst. U.S. Attorney, Washington, DC, for Government.

Daniel E. Ellenbogen, Washington, DC, for Defendant.

## MEMORANDUM

OBERDORFER, District Judge.

This Memorandum confirms the resentencing that occurred in open court on November 14, 1996. Defendant Evans Ray was resentenced principally to 88 months in prison, to be followed by a four-year term of supervised release. His conviction for using or carrying a firearm in relation to a drug trafficking offense, see 18 U.S.C. § 924(c) (1994), had been previously vacated pursuant to the Supreme Court's decision in *Bailey v. United States,* —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), and 28 U.S.C. § 2255. The Government moved to resentence Ray on his remaining narcotics convictions and, in particular, requested that he receive a two-level "gun bump" as an upward adjustment for possessing a dangerous weapon during the commission of his crimes, see U.S.S.G. § 2D1.1(b)(1) (1996).[1]

In response, Ray contended that any resentencing would be improper, since by the time he was resentenced, he would have already completed nearly 70 months of his original 87–month term of imprisonment attributable to the narcotics convictions, and

would have been eligible for release in a few weeks.[2] Accordingly, Ray argued that (1) there was no jurisdiction to resentence him, and (2) such resentencing would violate the Double Jeopardy Clause and/or Due Process Clause of the Fifth Amendment.

For the reasons stated at resentencing, and set forth in greater particularity here, the Government's Motion to Resentence was granted, however, with the proviso that Ray should receive an offsetting downward departure of one level. The Sentencing Commission had not adequately considered the due process concerns that would arise if Ray were resentenced to a larger incremental period of incarceration after having already served much of his original term.

## I.

In April 1991, Ray was convicted by a jury on three counts: (1) distribution of cocaine base, see 21 U.S.C. § 841(b)(1)(C) (1994); (2) possession with intent to distribute, see 21 U.S.C. § 841(b)(1)(B)(iii) (1994); and (3) using or carrying a firearm in relation to a drug trafficking offense, see 18 U.S.C. § 924(c) (1994). He was sentenced principally to 147 months in prison. That sentence consisted of two 87–month terms of imprisonment (to be served concurrently) for his narcotics convictions, and one 60–month term of imprisonment (to be served consecutively) for his § 924(c) conviction.

In April 1996, Ray moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence insofar as it was based on his conviction under 18 U.S.C. § 924(c). He relied on the Supreme Court's intervening decision in *Bailey v. United States,* which interpreted § 924(c) in such a manner as to place his conduct outside the purview of that statute. The Government agreed that there was insufficient evidence to sustain the § 924(c) conviction, and that Ray was entitled to postconviction relief. An Order dated June 5, 1996 granted Ray's motion to vacate and set aside his sentence. The Government then

---

1. The gun bump was originally precluded by the now-invalid § 924(c) conviction. *See United States v. Harris,* 959 F.2d 246, 266 (D.C.Cir. 1992).

2. Ray also noted that he had begun participation in a transition program designed to ease his progression from prison to civilian life.

moved to resentence Ray on his remaining narcotics convictions, requesting that Ray receive a two-level "gun bump" under the Sentencing Guidelines, *see* U.S.S.G. § 2D1.1(b)(1).

## II.

The first issue to be addressed at resentencing was whether a district court has jurisdiction to resentence a defendant whose § 924(c) conviction has been vacated pursuant to *Bailey* in a collateral attack under 28 U.S.C. § 2255. No Court of Appeals has yet ruled on this issue, and even within this circuit, numerous district courts have been sharply divided. *Compare United States v. Tolson,* 935 F.Supp. 17, 19 (D.D.C.1996) (Green, Joyce Hens, J.) *with United States v. Greenwood,* Civ.A. No. 96–00784, 1996 WL 577141, at *1 (D.D.C. Sept. 25, 1996) (Sporkin, J.). One issue is not in dispute, however. It is well-settled that, in the context of a remand from direct appeal, a district court is authorized to resentence the defendant. *See United States v. Fennell,* 77 F.3d 510 (D.C.Cir.1996); *see also United States v. Hawthorne,* 94 F.3d 118, 122 (4th Cir.1996). Ray contended, however, that where the situation involves collateral review, the jurisdictional requirements for resentencing are more stringent. *See Hillary v. United States,* Civ. No. JFM–96–1842 (D.Md. Aug. 7, 1996) (distinguishing direct appeal from collateral review).

In general, the Sentencing Reform Act of 1984 mandates that, once a district court imposes its sentence, it may not modify the terms of imprisonment unless specifically authorized to do so. *See* 18 U.S.C. § 3582(c) (1994) (modification must be "expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure"). In the context of direct appeal, that express permission is found in the statute governing appeals, *see* 28 U.S.C. § 2106 (1994). The Government here contended that the statute governing collateral review, *see* 28 U.S.C. § 2255, also provides an express grant of permission. Section 2255 requires that the district court, in granting post-conviction relief, "vacate and set the *judgment* aside and . . . discharge the prisoner or resentence him

or grant a new trial or correct the sentence as may appear appropriate." *See id.* (emphasis added). Although there is no consensus as to the proper interpretation of § 2255, and the matter is not free from doubt, the established sentencing process more nearly comports with those courts holding that the vacatur of a judgment pursuant to § 2255 requires the defendant to be resentenced on the remaining counts left undisturbed by the grant of post-conviction relief.

The operative terms in the statute, 28 U.S.C. § 2255, are the words "judgment" and "sentence." Their definitions are crucial to this case and require explication. The judgment in a criminal case is the document that memorializes the final adjudication of the district court. *See* Fed.R.Crim.P. 32(d)(1) (1996). A judgment may dispose of multiple counts relating to one or more separate offenses. For example, the judgment in this case (a copy of which is attached) adjudicated all three of the offenses charged in Ray's indictment—distribution of cocaine base, possession with intent to distribute, and using or carrying a firearm in relation to a drug trafficking offense.

The judgment also sets forth a single, overarching sentence to be served by the defendant. That sentence may (and often does) consist of several discrete components. For example, in this case, the sentence was comprised of six distinct components: an 87–month term of imprisonment on Count One, to be followed by a four-year term of supervised release; an 87–month term of imprisonment on Count Two, to be followed by a four-year term of supervised release; and a 60–month term of imprisonment on Count Three, to be followed by a three-year term of supervised release. Each of those "terms of imprisonment" and "terms of supervised release" were then aggregated, in either concurrent or consecutive fashion, to achieve the final result—a single "sentence." *See Merritt v. United States,* 930 F.Supp. 1109, 1113–14 (E.D.N.C.1996).

Ray's contention that a separate and distinct sentence was imposed on each count of conviction in this case was not persuasive. There was only one judgment and one sentence here; the circumstance that

Ray was convicted on multiple counts is immaterial. One indication of this is the fact that the Sentencing Guidelines devote entire subsections to instructing courts on how to fashion a single sentence for convictions on multiple counts. *See* U.S.S.G. §§ 1B1.3, 3D1.1–.5 (1996); *see also Thayer v. United States,* 937 F.Supp. 662, 665–66 (E.D.Mich. 1996); *cf.* U.S.S.G. § 5G1.1–.2 (1996) (separate sentence to be imposed on each count, but aggregate result referred to as "the total sentence"). Moreover, although § 924(c) provides for the imposition of a consecutive "term of imprisonment," *see* 18 U.S.C. § 924(c), it does not speak in terms of imposing a separate "sentence."

Finally, it is a reflection of the established practice that the judgment here used the singular and not the plural in stating, *"The sentence* is imposed pursuant to the Sentencing Reform Act of 1984." *See United States v. Ray,* No. 90–0420–01 (D.D.C. June 25, 1991) (original judgment) (emphasis added). That quoted statement appears in the original printed judgment form, AO 245 S, provided by the Administrative Office of the United States Courts and used throughout the federal system. If Ray were correct that a separate sentence was imposed on each count of conviction, then presumably, the printed judgment form would have allowed for multiple sentences to be imposed in the plural. In light of these facts, the precedent and practice indicate that, although a defendant may receive multiple sanctions (*e.g.,* multiple terms of imprisonment, terms of supervised release, fines, and/or restitution orders), those separate penalties are merely components of a single, overall sentence. There is still only one sentence.[3]

---

3. The other courts that have addressed this issue have reached the same conclusion, albeit using slightly different terminology. The First and Seventh Circuits, starting from the assumption that a separate sentence is imposed on each count of conviction, have stated that where the "sentences on individual counts are interdependent," they form a single "sentencing package." *United States v. Shue,* 825 F.2d 1111, 1114 (7th Cir.1987); *see also United States v. Pimienta–Redondo,* 874 F.2d 9, 14 (1st Cir.), *cert. denied,* 493 U.S. 890, 110 S.Ct. 233, 107 L.Ed.2d 185 (1989). The term "sentencing package," however, is not to be found in any statute or Federal Rule of Criminal Procedure. Therefore, a more precise formulation might be that where the

Returning now to the proper reading of § 2255, once a defendant's motion is granted, the district court is required to "vacate and set the judgment aside." *See* 28 U.S.C. § 2255. Even though the motion might have attacked only a portion of the sentence, the plain language of § 2255 requires that the entire judgment be vacated. Therefore, no "judgment" exists any longer to finalize the case, and no "sentence" is in place to ensure that the defendant will be punished for any remaining counts of conviction. The district court is obliged, then, to enter a new judgment that follows one of four options: (1) discharges the defendant, (2) resentences him, (3) grants a new trial, or (4) corrects the sentence as may appear appropriate. *See id.* In this case, the second option—resentencing—was the proper course of action since otherwise Ray would have been without a sentence on his remaining narcotics convictions.[4] Because the statute governing collateral review expressly authorizes the district court to resentence a defendant, it follows that there was jurisdiction to do so.

### III.

Ray also contended that the Double Jeopardy Clause and/or Due Process Clause of the Fifth Amendment prevented his resentencing after he had already served a significant portion of the original term of imprisonment attributable to his narcotics offenses. Although double jeopardy principles prohibit a sentence from being increased where doing so would undermine the defendant's "legitimate expectation of finality," *see United*

---

"sanctions" on individual counts are interdependent, they form a single "sentence." In any event, the legal rule attempting to be conveyed is the same—namely, that where a sentencing scheme is based on multiple counts of conviction, the entire scheme should be viewed as a whole and not as an amalgam of severable, discrete parts.

4. There may be situations in which the discharge of the defendant is appropriate, such as where he has already served his entire original term of imprisonment. *See Warner v. United States,* 926 F.Supp. 1387 (E.D.Ark.1996).

*States v. Fogel,* 829 F.2d 77, 87–89 (D.C.Cir. 1987), there was no such bar to resentencing here. As an initial matter, the overall sentence in this case was not being increased, but decreased from 147 months' imprisonment to some lesser period of incarceration. *See Tolson,* 935 F.Supp. at 21.

■ Moreover, Ray could not have had a "legitimate expectation of finality" in his original sentence since he was the one who sought review of its legality by bringing a § 2255 motion. *See United States v. Silvers,* 90 F.3d 95, 100 (4th Cir.1996) (double jeopardy does not prohibit resentencing after successful collateral attack); *United States v. Cochran,* 883 F.2d 1012, 1017 (11th Cir.1989). Although Ray contended that he held some vested expectation, at least, in the length of his "sentence" on the unchallenged counts, that argument rested on the same faulty premise that each count of conviction has its own severable sentence. In bringing his § 2255 motion, Ray necessarily challenged not merely a discrete term of imprisonment, but the overall judgment. *See Mayes v. United States,* 937 F.Supp. 659, 661 (E.D.Mich.1996); *Merritt,* 930 F.Supp. at 1115.

■ For the same reasons, the resentencing of Ray was not prohibited by the Due Process Clause. Ray's expectations regarding the finality of his original sentence had not yet "crystallized" to the point where it would be fundamentally unfair to defeat them. *See United States v. Lundien,* 769 F.2d 981, 987 (4th Cir.1985), *cert. denied,* 474 U.S. 1064, 106 S.Ct. 815, 88 L.Ed.2d 789 (1986); *Thayer,* 937 F.Supp. at 667; *Merritt,* 930 F.Supp. at 1115. Additionally, although Ray contended that any increase in his sentence would appear vindictive, his overall sentence was not being increased, but reduced. *See Kelly v. Neubert,* 898 F.2d 15, 18 (3d Cir.1990) (resentencing will not be considered vindictive "when some of the defendant's individual sentences are increased, but his aggregate sentence is reduced...."); *United States v. Gray,* 852 F.2d 136, 138 (4th Cir.1988) (same). Therefore, no basis existed here to support an inference of either prosecutorial or judicial vindictiveness.

## IV.

■ Given that no jurisdictional or constitutional bar prohibited the resentencing Ray after his successful § 2255 motion, Ray was resentenced in accordance with the guidelines currently in effect. There was, however, one final issue that remained to be addressed. Although the Due Process Clause did not prohibit Ray's resentencing, neither was it irrelevant insofar as determining what his sentence should be. Serious concerns about fundamental fairness might arise if a defendant were required to serve additional time in prison after having already completed a significant portion of his or her original sentence. *See Lundien,* 769 F.2d at 987; *Breest v. Helgemoe,* 579 F.2d 95, 101 (1st Cir.), *cert. denied,* 439 U.S. 933, 99 S.Ct. 327, 58 L.Ed.2d 329 (1978). "After a substantial period of time, ... it might be fundamentally unfair .... for a court to alter even an illegal sentence in a way which frustrates a prisoner's expectations by postponing his parole eligibility or release date far beyond that originally set." *Id.*

■ Where a defendant has already completed much of his or her original term of imprisonment, the unfairness that can result from extending incarceration at such a late date should be taken into account. The appropriate way to consider this unfairness is through the downward departure mechanism. Although other courts have simply refused to resentence, *see, e.g., Warner,* 926 F.Supp. at 1395–96; *Greenwood,* Civ.A. No. 96–00784, 1996 WL 577141, at *1, that remedy appears too blunt. A more judicious exercise of downward departures, *see* U.S.S.G. § 5K2.0 (1996), should instead provide greater flexibility than the simple yes-or-no dichotomy involved in deciding whether to resentence. Moreover, the departure remedy was warranted in this situation because the Sentencing Commission had not adequately considered the due process concerns that would arise if defendants such as Ray were resentenced with the full two-level "gun bump"—after having nearly completed their original terms of imprisonment attributable to the narcotics offenses.

In this case, Ray was originally sentenced to 87 months in prison for distribution of cocaine base and possession with intent to distribute. After taking into account his pretrial detention and good-time credit, Ray would have been eligible for release around December 1996—approximately one month from the date of his resentencing. Therefore, considering the extent to which Ray had nearly completed his original term of imprisonment, it was appropriate to depart downward by one level.[5] Ray was resentenced, therefore, with an adjusted offense level of 27 (instead of 28), and with a Criminal History Category of III, his guideline range was 87–108 months' imprisonment. Additionally, a sentence at or near the bottom of that range was appropriate, given further consideration to due process concerns, as well as the fact that Ray had already begun a transition program designed to ease his progression from prison to civilian life. Any greater sentence would have unduly disrupted that transition process. Accordingly, Ray was resentenced principally to 88 months in prison (less time served for pre- and post-trial detention and good-time credit), to be followed by a four-year term of supervised release.

5. In terms of comparison, if Ray were being resentenced after having served only a few months of his original term of imprisonment, he might not have received a downward departure at all.

## ATTACHMENT

AO 245 S (Rev. 4/90) Sheet 1 - Judgment in a Criminal Case

# United States District Court

for the _____ District of __Columbia__

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
| V. | (For Offenses Committed On or After November 1, 1987) |

Evans Ray

Case Number: CR90-420-1

(Name of Defendant)

Lloyd Elsten

Defendant's Attorney

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____
☒ was found guilty on count(s) __1, 2 and 3__ after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 USC 841(a)(1)&(b)(1)(c) | Dist of cocaine base | 9/4/90 | 1 |
| 21USC841(a)(1)&(B)(1)(B)(iii) | Poss w intent to dist 5 gms or more coc base | 9/4/90 | 2 |
| 18 USC924(c) | Poss of firearm during commission of drug crime | 9/4/90 | 3 |

The defendant is sentenced as provided in pages 2 through __3__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____, and is discharged as to such count(s).
☐ Count(s) _____ (is)(are) dismissed on the motion of the United States.
☐ It is ordered that the defendant shall pay a special assessment of $ __150.00__, for count(s) __1, 2 and 3__, which shall be due ☒ immediately ☐ as follows:

IT IS FURTHER ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: __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__

Defendant's Date of Birth: __4/4/60__

Defendant's Mailing Address:
Incarcerated

Defendant's Residence Address:
Incarcerated

June 25, 1991
Date of Imposition of Sentence

_Louis F. Oberdorfer_
Signature of Judicial Officer

Louis F. Oberdorfer, US District Judge
Name & Title of Judicial Officer

June 25, 1991
Date

ATTACHMENT—Continued

AO 245 (Rev. 4/90) Sheet 2 - Imprisonment

Defendant: Evans Ray
Case Number: CR90-420-1

Judgment—Page __2__ of __3__

### IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of __eighty-seven(87) months as to count 1; eighty-seven (87) months as__ to count 2 to run concurrently with count 1; 60 months as to count 3 to run consecutive to counts 1 and 2.

The Court has determined that the defendant is financially unable to pay the costs of incarceration.

☒ The court makes the following recommendations to the Bureau of Prisons:

That the defendant be incarcerated at a facility as near to the Washington, D.C. metropolitan area as possible.

☒ The defendant is remanded to the custody of the United States marshal
☐ The defendant shall surrender to the United States marshal for this district.
  ☐ at _____ ☐ a.m.
  ☐ p.m on _____.
  ☐ as notified by the United States marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons
  ☐ before 2 p.m. on _____.
  ☐ as notified by the United States marshal
  ☐ as notified by the probation office.

### RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____ at

_____, with a certified copy of this judgment.

_____
United States Marshal

By _____
Deputy Marshal

# ATTACHMENT—Continued

AO 245 S. 4/90) Sheet 3 - Supervised Release

Defendant: Evans Ray
Case Number: CR90-420-1

Judgment—Page __3__ of __3__

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of _____

four(4) years as to count 1; four(4) years as to count 2 to run concurrent with count 1; three(3) years as to count 3 to run concurrent with counts 1 and 2.

While on supervised release, the defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

☐ The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

☐ The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release

☒ The defendant shall not possess a firearm or destructive device.

### STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime  In addition

1) the defendant shall not leave the judicial district without the permission of the court or probation officer:

2) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month:

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

6) the defendant shall notify the probation officer within 72 hours of any change in residence or employment:

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician,

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered,

9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer:

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court:

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.